UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CAMARREO LAROME HODGES,

                Plaintiff,

v.                                              Case No. 20-cv-18-pp

CO MEGAN, CO MARTINI,
CO GLORIA, CO POTTER,
and CO MIKE,

                Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 27) AND DISMISSING CASE WITHOUT PREJUDICE**

---

Plaintiff Camarreo Larome Hodges, representing himself, is proceeding under 42 U.S.C. §1983 on Fourteenth Amendment claims against four correctional officers and a corporal at the Kenosha County Jail. The defendants have moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing his complaint. Dkt. No. 27. The plaintiff has opposed the motion. Dkt. No. 33. The court finds that the plaintiff did not exhaust his administrative remedies before filing suit in federal court.

**I.**    **Facts**

    A.    <u>Procedural Background</u>

The complaint alleged that the defendants violated the plaintiff's rights by placing him in a restricted chair overnight and refusing to give him water or let him use the bathroom. Dkt. No. 1. The plaintiff asserted that the officers placed him in the chair because he commented about some officers' sexual relationship and refused to tell other officers who had flooded his cell. <u>Id.</u> at 2–3. The court

screened the complaint and allowed the plaintiff to proceed under the Fourteenth Amendment against Correctional Officers Megan Kurth, Gloria Galvan, Loryn Potter and Michael Holterman and Corporal Pablo Martini. Dkt. No. 11; Dkt. No. 30 at ¶5. The defendants answered, dkt. no. 21, and soon after moved for summary judgment, dkt. no. 27.

On January 26, 2021, the court ordered the plaintiff to respond to the defendants' motion by February 24, 2021. Dkt. No. 32. The court instructed the plaintiff to "respond to each of the defendants' proposed findings of fact" and "support every disagreement with a proposed fact by citing to evidence." Id. at 1. The court explained that the plaintiff could rely "on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746." Id. at 1–2. The court told the plaintiff that at the bottom of his affidavit or declaration, he should include a statement declaring "under penalty of perjury that the foregoing is true and correct," along with the date and his signature. Id. at 2 n.1.

The plaintiff timely filed his response, but it does not comply with the court's local rules or the court's January 26, 2021 order. Dkt. No. 33. The plaintiff did not properly contest the defendants' proposed findings of fact, did not submit his own proposed findings of fact and did not refer to any record evidence supporting his position. See Civil Local Rule 56(b)(2)(B) (E.D. Wis.). Nor did he submit an affidavit or unsworn declaration. He submitted three pages of written assertions (unaccompanied by a verification statement under §1746(2)) and two exhibits that he did not explain or cite. Dkt. No. 33-1. The court will consider the plaintiff's "assertions only to the extent they are clearly and obviously supported

2

by citations to the . . . record." Jenkins v. Syed, 781 F. App'x 543, 545 (7th Cir. 2019) (internal quotation marks omitted). The court will deem the defendants' facts admitted because the plaintiff did not properly contest them. See Civil L. R. 56(b)(4); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

About a month after the defendants submitted their reply brief in support of the motion for summary judgment, the plaintiff filed a letter with additional statements and exhibits. Dkt. No. 37. Because the letter and exhibits were filed after the defendants filed their reply brief, the court originally thought perhaps the plaintiff meant them as a surreply. Neither the Federal Rules of Civil Procedure nor this court's Civil Local Rules allow a party to file a surreply, and the plaintiff did not ask the court's permission to file it. The court has the discretion to allow a surreply "'only for valid reasons, such as when the movant raises new arguments in a reply brief.'" Watt v. Brown Cty., 210 F. Supp. 3d 1078, 1082 (E.D. Wis. 2016) (quoting Meraz-Camacho v. United States, 417 F. App'x 558, 559 (7th Cir. 2011)).

In looking at the letter and exhibits, however, the court concludes that they are not a surreply, because they do not address the defendants' arguments in support of their contention that the plaintiff did not exhaust his administrative remedies before filing suit. The letter and exhibits appear to be efforts by the plaintiff to explain why he believes his rights were violated, and not to address the question of whether he exhausted his administrative remedies before filing this lawsuit. The court therefore has not considered the letter and exhibits in ruling on the summary judgment motion.

B. Factual Background

1. *Kenosha County Jail Grievance Procedures*

The plaintiff was booked into the Kenosha County Jail (also known as the Kenosha County Pretrial Facility) on August 9, 2019. Dkt. No. 29 at ¶1. During intake the plaintiff signed an acknowledgment that jail staff had informed him the facility's rules were posted in cell blocks. Id. at ¶3. The jail provides an electronic version of the inmate handbook on a tablet or through the jail's kiosk system, and a print version is available on request. Id. at ¶¶4–6. The inmate handbook provides the jail's policy for filing inmate grievances and appeals. Id. at ¶7. A closed-circuit television system playing daily in the jail also explains the inmate grievance and appeal system. Id. at ¶5.

The defendants provided the court with a copy of the jail's inmate handbook, which details the grievance procedure. Dkt. No. 30-2. Under the grievance procedure, an inmate must submit a written grievance within seven days of the incident. Dkt. No. 29 at ¶8; Dkt. No. 30-2 at 10. The grievance must include the inmate's full name, jacket number and housing location. Dkt. No. 30-2 at 10. Inmates in the jail must hand the grievance to their housing officer. Id. A shift supervisor reviews and responds to the grievance within seven days. Dkt. No. 29 at ¶8; Dkt. No. 30-2 at 10. A dissatisfied inmate may appeal the response and submit his appeal to the Facility Director within seventy-two hours of receiving the response. Dkt. No. 29 at ¶9; Dkt. No. 30-2 at 10. The response form also informs the inmate of the seventy-two-hour appeal window. Dkt. No. 29 at ¶9; Dkt. No. 30 at ¶4. An inmate cannot submit an appeal until he submits a grievance and receives a response about that issue. Dkt. No. 35 at ¶8. The issue

raised in the appeal must be the same issue raised in the initial grievance. Id. An inmate is not allowed to raise a new or separate issue in an appeal that is not alleged in the original grievance. Id.

The jail maintains a copy of all inmate grievances and appeals in the inmate's file. Dkt. No. 35 at ¶2. The jail's electronic system also catalogues grievances or appeals filed by the inmate. Id. The supervisor assigned to prepare the response maintains an electronic version of the response form and places a copy of the response in the inmate's file. Id.

2. *The Plaintiff's Grievances*

On September 2, 2019, the plaintiff submitted a grievance alleging that on August 31, 2019, officers Megan, Potter, Martini, Gloria and Mike placed him in "the crazy chair for no reason." Dkt. No. 29 at ¶10; Dkt. No. 30-3 at 1–2. He also alleged, as he did in his complaint, that the officers placed him in the chair because of comments he made about officers Megan, Potter and Martini having herpes. Dkt. No. 30-3 at 1. He alleged that Officer Gloria misconstrued his comment about slipping on water in his cell as a suicide threat and placed him in the restricted chair. Id. at 1–2. He alleged that the officers left him in the chair for ten hours naked, wearing only "the Green suit." Id. The grievance did not allege that the plaintiff was not given a shower or water while in the restricted chair. Dkt. No. 29 at ¶10. The file number on the grievance is 2019-4698. Dkt. No. 30-3 at 1. But Sergeant Doug Simpson at the Kenosha County Detention Center (who is not a defendant) states that the plaintiff must have put that number on the form because "this number would never be used by an officer for a grievance submitted." Dkt. No. 35 at ¶4.

5
Case 2:20-cv-00018-PP   Filed 04/14/21   Page 5 of 15   Document 38

On September 5, 2019 at 3:50 p.m., Sergeant May (who is not a defendant) responded to the plaintiff's grievance. Dkt. No. 29 at ¶11; Dkt. No. 30-4. But the response form lists the grievance as having been filed the same day at 3:25 p.m. Dkt. No. 30-4 at 1. The response form lists the grievance number as 2019-602, not 2019-4698. Dkt. No. 30-4. Sergeant Simpson states that the jail assigned the grievance number 2019-602. Dkt. No. 35 at ¶4.

Sergeant May summarized the plaintiff's grievance as alleging that jail staff "unnecessarily placed" the plaintiff "on a Level 1 safety watch because an officer took his comments out of context and falsely reported that he wanted to harm himself." Dkt. No. 30-4. Sergeant May wrote that a mental health professional assessed the plaintiff later in the day after he was left in the chair and "had concerns and continued [the plaintiff's] safety watch status without change." Id. Sergeant May concluded that jail staff "acted appropriately as it related to [the plaintiff's] safety and security while housed at this facility under the care/custody of the Kenosha County Sheriff's Department – Detentions Division." Id.; Dkt. No. 29 at ¶11. A copy of the response was provided to the plaintiff within a day of Sergeant May writing it. Dkt. No. 29 at ¶12.

According to the defendants, the plaintiff did not timely appeal the decision on his September 2, 2019 grievance. Id. at ¶18. Sergeant Simpson reviewed the plaintiff's file and the jail's electronic system. Dkt. No. 35 at ¶1. He states that neither contains information showing that the plaintiff appealed his September 2, 2019 grievance about being placed in the restricted chair. Dkt. No. 35 at ¶6.

On October 1, 2019, the plaintiff was transported from the jail to the Kenosha County Detention Center. Dkt. No. 29 at ¶13. On October 16, 2019, he

6

submitted a grievance against Officers Megan and Potter alleging that they attempted to murder him by not giving him water or allowing him to use the bathroom while he was in the restricted chair on August 30 and 31, 2019. Id. at ¶13; Dkt. No. 30-5. The grievance does not name the other three officers, does not allege that the officers unnecessarily placed the plaintiff in the restricted chair and does not mention his comments about slipping on water or the officers having herpes. Dkt. No. 30-5. The plaintiff labeled his complaint as both "Grievance" and "Appeal" by checking boxes at the top of the form next to each label. Id. at 1. The plaintiff listed the grievance number as 2019-602—the same number listed on Sergeant May's September 5, 2019 response form. Id. But that number is crossed out, and different handwriting lists the grievance number as 2019-726. Id. The label "Hodges Grievance 2019-726" also is computer-printed at the top of the form. Id. Sergeant Simpson states that the grievance was assigned the new 2019-726 number because, although it alleged events that occurred on August 30 and 31, 2019, the allegations were unrelated to the allegations in the plaintiff's September 2, 2019 grievance about being placed in the chair. Dkt. No. 35 at ¶5.

At 12:40 p.m. the same day (October 16, 2019), Corporal MacDonald (who is not a defendant) responded to the plaintiff's grievance. Dkt. No. 30-6. The response form lists the grievance number as 2019-726 and the file date as October 16, 2019 at 12:30 p.m. Id. Corporal MacDonald informed the plaintiff that because the events he grieved occurred on August 30 and 31, 2019—more than seven days earlier—the grievance was "not sustained." Id.; Dkt. No. 29 at ¶15. The defendants assert that if the plaintiff intended this grievance to be an

appeal of the denial of his September 2, 2019 grievance, it was far past the seventy-two-hour limit for inmates to appeal the denial of a grievance. Dkt. No. 29 at ¶16. They assert that the plaintiff did not file a timely grievance "related to the issues of not receiving water or a shower while he was in a restricted chair on August 30, 2019 to August 31, 2019." Id. at ¶17.

The plaintiff submitted a three-page response that is signed but not verified or sworn under penalty of perjury. Dkt. No. 33. He agreed with the defendants that he wrote his first grievance on September 2, 2019 and received a response on September 5, 2019. Id. at 1. But he asserted that he appealed the response on September 5, 2019 and did not receive a decision on the appeal. Id. The plaintiff alleged that it wasn't until October 16, 2019 that he "was told by Sgt May including MacDonald that the staff who had my Grievance Appeal form was on vacation so [I] will [l]ike for you to please look into this matter for me A.S.A.P." Id. The remaining pages of the plaintiff's response reiterate the allegations in his complaint. Id. at 2–3.

The plaintiff attached to his response a third grievance form dated September 5, 2019. Dkt. No. 33-1. The defendants did not provide or discuss this grievance. This form is labeled an appeal for grievance number 2019-602—the grievance number listed on Sergeant May's September 5, 2019 response. Id. at 1. This grievance recounts, nearly verbatim, the plaintiff's allegations from his October 16, 2019 grievance or appeal that Officers Megan and Potter attempted to murder the plaintiff by not giving him water while he was in the restricted chair on August 30 ad 31, 2019. Id. at 1–2. The grievance does not allege that he was unnecessarily placed in the chair and does not mention slipping on water or

8

herpes. Id. The bottom of the grievance is not signed or dated as having been received or reviewed by an officer. Id. at 2. The plaintiff also attached an incident report from August 31, 2019, related to the cell flooding. Id. at 3–4.

Sergeant Simpson states that he reviewed the plaintiff's inmate file and the jail's electronic system, and that the September 5, 2019 grievance/appeal does not appear in either. Dkt. No. 35 at ¶3. He swears that there is no record of a grievance or appeal being filed on September 5, 2019 alleging that officers denied the plaintiff water or use of a bathroom while in the restricted chair. Id.

On January 6, 2020, the plaintiff filed his §1983 complaint against the five officers for placing him in the restricted chair and denying him water or use of the bathroom while in the chair. Dkt. No. 29 at ¶2; Dkt. No. 1.

**II.    Discussion**

    A.    Summary Judgment Standard

A party is entitled to summary judgment if he shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a

9

non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005). The nonmovant must provide more than *allegations* to defeat a motion for summary judgment; he must present enough admissible *evidence* to create a genuine issue of fact. See Hoeft v. Kasten, 691 F. Supp. 2d 927, 931 (W.D. Wis.), aff'd, 393 F. App'x 394 (7th Cir. 2010) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)).

B. Exhaustion

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an inmate must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). That means if the plaintiff failed to complete any step in the jail's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez v. Wis. Dep't of Corrs., 182

F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The jail's grievance procedures require inmates to submit grievances within seven days of the incident. Jail staff respond to the grievance within seven days of receiving the grievance. If the response does not resolve the inmate's issue, the inmate must appeal within seventy-two hours of receiving the response. It is only after receiving a decision on that appeal that the inmate's administrative remedies are exhausted, allowing him to bring a federal lawsuit under §1983.

The record contains three of the plaintiff's grievances:

- The first, dated September 2, 2019, alleges that officers unnecessarily placed the plaintiff in the restricted chair but does not allege that they refused to give him water or allow him to use the bathroom. Sergeant May's September 5, 2019 response addressed those allegations. Although the grievance uses number 2019-4698, the response lists the grievance number as 2019-602 and says it was filed September 5, 2019. The defendants state that the number 2019-4698 never would be used for a grievance.

- The second grievance—the one attached to the plaintiff's response—is dated September 5, 2019. The listed number is 2019-602, and it is labeled an appeal. But the grievance alleges that the officers refused to give the plaintiff water or let him use the bathroom while in the

restricted chair. It does not allege that the officers unnecessarily placed him in the chair. There is no indication that this grievance was submitted through the jail's grievance system because no officer signed and dated it upon its receipt and neither the plaintiff's inmate file nor the jail's electronic record contain this grievance.

- The third complaint is dated October 16, 2019. The plaintiff appears to have labeled it number 2019-602 (the same as Sergeant May's response and the September 5, 2019 grievance), but someone with different handwriting crossed out that number and labeled it 2019-726. The plaintiff labeled the complaint as both a grievance and an appeal. The grievance alleges nearly verbatim the same allegations as the September 5, 2019 grievance—that officers did not give the plaintiff water or allow him to use the bathroom while he was in the restricted chair. Like the September 5, 2019 grievance, it does not allege that the officers unnecessarily placed him in the chair. Corporal MacDonald responded to this grievance the same day and denied it as untimely.

The plaintiff insists that the September 5, 2019 grievance is his appeal of the September 2, 2019 grievance. But his inmate file shows no record that he submitted the September 5, 2019 grievance to jail authorities. Even if he had, and even if that grievance could be considered an appeal of the September 2, 2019 grievance, it does not allege the same issues as the September 2, 2019 grievance. The September 2, 2019 grievance complains about being placed in the

12

chair; the September 5, 2019 grievance complains about not being given water or being allowed to use the bathroom while in the chair. Because the plaintiff did not properly appeal the denial of the September 2, 2019 grievance, he did not strictly comply with the jail's grievance procedures. He failed to exhaust his administrative remedies for that grievance, and the court must dismiss the claims related to his allegations against Officers Gloria and Mike and Corporal Martini.

The September 5 and October 16, 2019 grievances allege, in nearly identical language, that the plaintiff was denied water and bathroom use while in the restricted chair. But there is no evidence that he submitted the September 5, 2019 grievance to jail authorities. It is not signed or dated by a receiving officer, and neither the plaintiff's file nor the jail's electronic system show any record of the grievance being filed. Even if the plaintiff did submit the September 5, 2019 grievance to the proper jail authorities, he did not appeal until October 16, 2019—over a month later, far after the seventy-two-hour deadline to appeal under the jail's grievance procedures.

The plaintiff says he never received a response to the September 5, 2019 grievance/appeal because the staff member responsible for reviewing his appeal was on vacation. Dkt. No. 33 at 1. He points to no evidence to support that assertion, and he did not submit an affidavit or unsworn declaration. Because the plaintiff cites nothing in the record that "clearly and obviously support[s]" his assertions, the court will not consider them. See Jenkins, 781 F. App'x at 545; see also Beatty v. Olin Corp., 693 F.3d 750, 754 (7th Cir. 2012) (explaining that

13
Case 2:20-cv-00018-PP   Filed 04/14/21   Page 13 of 15   Document 38

"*argument* is insufficient to avoid summary judgment; the nonmoving party needs to come forward with *evidence*" (emphasis in original)).[1]

To the extent that the plaintiff asserts that the October 16, 2019 grievance exhausted his administrative remedies, the argument has no merit. The plaintiff's grievance was denied because the plaintiff filed it more than seven days after the alleged incident. Because it was not timely filed, Corporal MacDonald did not review the merits of the grievance. Nor is there evidence, and the plaintiff does not assert, that he appealed the denial of the October 16, 2019 grievance. The plaintiff did not exhaust his administrative remedies for that grievance.

The court concludes that the plaintiff did not follow the jail's procedures for grieving and appealing his alleged issues from August 30 and 31, 2019. He did not exhaust his administrative remedies before bringing this lawsuit. The court must dismiss the case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

### III. Conclusion

The court **GRANTS** the defendants' motion for summary judgment. Dkt. No. 27.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

---

[1] Because the plaintiff did not comply with the court's order and has not properly disputed the defendants' proposed facts, there is "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739 (7th Cir. 2008). Aguirre v. Witek, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**